# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ROBERT EARL PITTMAN**                                                                 **PLAINTIFF**
**#177835**

v.                                    No: 4:23-cv-00031-KGB-PSH

**JOSEPH GORMAN,** *et al.*                                                             **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Robert Earl Pittman filed a *pro se* complaint on January 10, 2023, while incarcerated at the W.C. Brassell Adult Detention Center (Doc. No. 1). The Court granted Pittman *in forma pauperis* status and instructed him to file an amended complaint to clarify and narrow his claims (Doc. No. 4). He subsequently filed an

amended complaint (Doc. No. 6), a notice (Doc. No. 8), and an addendum (Doc. No. 9). The Court has reviewed Pittman's amended complaint, as supplemented, and finds that he does not describe facts sufficient to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), and the Court must weigh all factual allegations in favor of the plaintiff, unless the

facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic, and delusional).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Pittman generally alleges that deputies and inmates are spitting in and poisoning his food. Doc. No. 6 at 5. He also claims that Warden Joseph Gorman refused to place him in protective custody and that he was subsequently attacked by another inmate on December 11, 2022. *Id.* In his notice and addendum, he alleges that the poison in his food is causing internal bleeding and neurological issues in his right eye. *See* Doc. Nos. 7-8.

The Court has liberally and carefully reviewed Pittman's amended complaint, as supplemented, and finds that he fails to describe sufficient facts to state a claim for relief. His assertion that his food has been poisoned is wholly speculative and fanciful. Pittman provides no plausible facts to support his belief that his food has been poisoned by any defendant or that he is in fact bleeding internally. *See Denton v. Hernandez*, *supra.* Accordingly, his allegations regarding food poisoning do not describe a viable claim and should be dismissed.

Pittman also fails to state an Eighth Amendment failure-to-protect claim.[1] An inmate has a constitutional right to be free from attacks by others. *See Robinson v. Cavanaugh*, 20 F.3d 892 (8th Cir. 1994). To succeed on a failure-to-protect claim, Pittman must show that there was a substantial risk of serious harm to him and that defendants were deliberately indifferent to that risk. *See Irving v. Dormire,* 519 F.3d 441, 447 (8th Cir. 2008). Specifically,

> "A failure-to-protect claim has an objective component, whether there was a substantial risk of harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk." *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). To be liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). . . .

*Jones v. Wallace*, 641 Fed. Appx. 665, 666 (8th Cir. 2016). An inmate's complaints regarding a "general fear for his safety" do not establish that a defendant "acted with deliberate indifference by not placing him in protective custody." *Robinson v. Cavanaugh,* 20 F.3d at 895; *Jones v. Wallace*, 641 Fed. Appx. 665 (8th Cir. 2016) (unpublished) (a general fear of another inmate is not sufficient to put guards on notice of a specific threat or danger).

Pittman states that Joseph Gorman refused to place him in protective custody "while being apprehensive that the Cortel [sic] has a million dollar bounty on my

---

[1] Pittman indicates he is a convicted prisoner. Doc. No. 6 at 2.

life." Doc. No. 6 at 5. He then claims that Gorman allowed inmates to surround his cell on December 9, 2022, and that inmate Loche pulled a knife on him on December 11, 2022. *Id.* It is not clear whether Pittman alleges he informed Gorman that he was apprehensive of a bounty placed by a cartel; regardless, he does not allege that Gorman had any specific knowledge that Pittman was in danger of an attack from inmate Loche but failed to separate them. Accordingly, Pittman fails to describe sufficient facts to state a constitutional claim that Gorman was deliberately indifferent to a substantial risk of serious harm to him.

### III. Conclusion

For the reasons stated herein, Pittman's claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted. It is therefore recommended that:

1. Pittman's claims be dismissed without prejudice.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 11th day of April, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

Case 4:23-cv-00031-KGB   Document 10   Filed 04/11/23   Page 6 of 6